**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Portland Duck, LLC<br><br>Debtor | Chapter 11<br>Case No. 25-10205 |
| Portland Duck, LLC<br><br>Plaintiff<br><br>v.<br><br>Duck Ventures, LLC<br>and<br>Splash Ventures, LLC<br><br>Defendants | Adversary Proceeding<br>No. 26-01004 |

**ORDER GRANTING DEFENDANTS' REQUEST FOR PERMISSIVE ABSTENTION**

The plaintiff in this adversary proceeding—Portland Duck, LLC—is also a debtor in a chapter 11 case. In that case, the Court confirmed Portland Duck's plan of reorganization, and that plan became effective a few days later. About three weeks after that, Portland Duck filed a complaint to begin this adversary proceeding. The five-count complaint asserts state law claims against the defendants, arising from a "Demise Charter Agreement with Exclusive Option to Purchase" that involved Portland Duck and the defendants. The complaint does not assert entitlement to relief under the Bankruptcy Code.

In response to the complaint, the defendants asked the Court to dismiss this adversary proceeding [Dkt. No. 6]. *See* Fed. R. Civ. P. 12(b), 41(b); Fed. R. Bankr. P. 7012(b), 7041. They contend that dismissal is warranted on multiple grounds—one being that this Court lacks subject-matter jurisdiction over the claims in the complaint. *See* 11 U.S.C. § 1334(b); Fed. R.

Civ. P. 12(b)(1). And, if the Court were to conclude otherwise as to subject-matter jurisdiction, the defendants ask that this Court exercise its discretion, under 28 U.S.C. § 1334(c)(1), to abstain from deciding any matters presented in the complaint. In a written response, Portland Duck opposed dismissal and, during a hearing on the defendants' motion, added its opposition to abstention.

Some additional background information is useful here. The circumstances depicted in Portland Duck's complaint occurred largely, if not entirely, before Portland Duck filed its chapter 11 case. And, in that case, Portland Duck referenced its potential causes of action against the defendants on its schedule of assets and in the confirmed plan—assigning a value of "Unknown" to such assets. Under the plan, those assets were vested in Portland Duck on confirmation, with no restriction on future disposition of the assets (e.g., no requirement to pursue any cause of action or to seek Court approval of any settlement). The plan also showed no apparent ability for Portland Duck to afford any significant litigation against the defendants. The plan does, however, provide that a specific category of net proceeds from the causes of action (i.e., net proceeds not encumbered by a specific bank's lien) would be used to pay the holders of allowed general unsecured claims. But no such net proceeds were factored into Portland Duck's projected disposable income or, in turn, included in the actual payment amounts promised to the holders of allowed general unsecured claims. That is, the confirmed plan did not and does not rely on any particular result from a cause of action—and any net proceeds that might later flow to holders of allowed general unsecured claims would effectively be an unexpected bonus.

Leading up to plan confirmation, one of the defendants (Duck Ventures, LLC) participated in the handful of hearings on various fairly routine matters, raised objections to plan

confirmation, and was granted limited relief from the automatic stay on the Court's own motion during a confirmation hearing. The other defendant did not participate in events in the chapter 11 case. And neither defendant filed a proof of claim.

This background from the chapter 11 case and other contextual factors would inform an analysis of whether this Court has post-confirmation subject-matter jurisdiction over the claims in the complaint. *See, e.g.*, Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc., 410 F.3d 100, 106-07 (1st Cir. 2005).[1] The result of such an analysis would be a close call, particularly where the debtor has reorganized its affairs and expects to continue conducting business after emerging from chapter 11. That call, however, need not be made, as the Court is persuaded that abstention would best serve the interest of justice here. *See* United States v. Paolo (In re Paolo), 619 F.3d 100, 104 (1st Cir. 2010). Among other reasons, the parties' briefs and arguments reveal, quite clearly, that their dispute treads into unsettled areas of non-bankruptcy law. Further, the chapter 11 case, which appears to be nearing its natural end, seemingly gave this Court only a basic familiarity with the parties' dispute—not such an in-depth primer that it would make sense for this Court to venture forward (to the extent that it has subject-matter jurisdiction). The better choice is to abstain, so that the parties can seek resolution elsewhere.

Thus, the defendants' motion [Dkt. No. 6] is granted only to the extent that abstention under 28 U.S.C. § 1334(c)(1) was requested. Accordingly, this Court necessarily expresses no

---

[1] During the hearing on the defendants' motion, counsel to Portland Duck agreed that only the "related to" prong of this Court's jurisdiction under 28 U.S.C. § 1334(b) could apply to the claims in the complaint. He also noted that the confirmed plan contained language about this Court retaining jurisdiction over adversary proceedings. That language, however, did not cover all adversary proceedings—only those commenced before the plan's effective date, which this adversary proceeding was not. In any event, as counsel also agreed, section 1334 rather than a plan's language would determine whether this Court has subject-matter jurisdiction. *See* Gupta v. Quincy Med. Ctr., 858 F.3d 657, 664 (1st Cir. 2017).

view on Portland Duck's claims or on the defendants' asserted grounds for dismissal—or on the parties' arguments about where their dispute should be decided. The Court Clerk is directed to close this adversary proceeding in due course.[2]

Dated: September 25, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

[2] To the extent that this closure could be construed as an involuntary dismissal, such dismissal is without prejudice.